UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIN JOKELA, | No. C-05-2268 JCS |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION FOR FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [Docket No. 23]** |
| v. | |
| JOANNE B. BARNHART, | |
| Defendant. | |

## I. INTRODUCTION

On May 10, 2006, the Court granted Plaintiff's motion for summary judgment and remanded the case to the Commissioner for further administrative proceedings. On May 16, 2006, Plaintiff filed a Petition for Fees Pursuant to the Equal Access to Justice Act ("the Petition"), requesting an award of $5,944.60 in attorneys' fees. For the reasons stated below, the Petition is GRANTED in part and DENIED in part. Plaintiff is awarded $3,764.60 in attorneys' fees.

## II. BACKGROUND

Plaintiff asserts that she is entitled to attorneys' fees as a prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. She presents evidence that 21.8 hours of attorney time and 3.4 hours of paralegal time were incurred in this action. For the attorney time she seeks an hourly rate of $156.19/hour in 2005 and $159.79/hour in 2006, reflecting an adjustment of the statutory rate of $125.00/hour to take into account the increase in the cost of living between April 1, 1996, and 2006. Plaintiff seeks reimbursement of paralegal time at a rate of $100.00/hour. Thus, for attorneys' fees and paralegal fees, Plaintiff seeks $3,764.60. In addition, Plaintiff seeks an enhancement in the amount of $2,180.00, calculated at a rate of $100.00/hour for attorney time,

1  based on the limited availability of experienced social security attorneys in Mendocino County.
2  Plaintiff also points to her attorney's special expertise as a medical doctor as a basis for awarding the
3  enhancement.

4  Defendant does not dispute that Plaintiff is entitled to an award of attorneys' fees as a
5  prevailing part under the EAJA.  Nor does Defendant challenge the rates sought by Plaintiff,
6  including the cost of living adjustment that Plaintiff seeks.  Defendant objects, however, to the
7  enhancement sought by Plaintiff based on attorney availability, asserting that Plaintiff should be
8  awarded no more than $3,764.60 in fees.  Defendant further asserts that the award should be reduced
9  on the basis that she prevailed on only one of several issues and therefore, the award should be
10 reduced.  In particular, Defendant points out that the issue with respect to which the Court remanded
11 the case constituted only five pages out of a total of thirteen pages of argument in Plaintiff's
12 summary judgment motion and therefore, the requested fees should be reduced by 2/3.

13 **III.   ANALYSIS**

14 Under the EAJA, a plaintiff who prevails in an action against the United States is entitled to
15 attorneys' fees and costs "unless the court finds that the position of the United States was
16 substantially justified or that special circumstances make an award unjust."  28 U.S.C.
17 § 2412(d)(1)(A).  To show that her position was "substantially justified," the Secretary must prove
18 that her position had a reasonable basis in both law and fact.  *Yang v. Shalala*, 22 F.3d 213, 217 (9th
19 Cir. 1994).  Special circumstances may be found in cases involving "a novel but credible extension
20 or interpretation of the law, . . . an issue on which reasonable minds could differ, or an important and
21 doubtful question."  *U.S. v. Gavilan Joint Cmty. Coll. Dist.*, 849 F.2d 1246, 1249 (9th Cir. 1988)
22 (citations omitted).

23 An award of attorneys' fees under the EAJA must be "reasonable."  28 U.S.C.
24 § 2412(d)(1)(B).  "The most useful starting point for determining the amount of a reasonable fee is
25 the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."
26 *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  While the EAJA sets a statutory rate of
27 $125.00/hour for attorneys' fees, it allows the court to set a higher rate if it "determines that an
28 increase in the cost of living or a special factor, such as the limited availability of qualified attorneys

for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Sorenson v. Mink*, 239 F.3d 1140, 1148-1149 (9th Cir. 2001) (addressing proper calculation of cost of living adjustment for EAJA awards). A "limited availability" enhancement should not be awarded merely because "lawyers skilled and experienced enough to try the case are in short supply." *Pierce v. Underwood*, 487 U.S. 552, 571 (1988). Instead, such an enhancement should only be awarded where some specialized skill or knowledge is necessary for pursuing the litigation and a lawyer with such skill can only be obtained at rates in excess of the statutory rate. *Id*.

In determining whether an award is reasonable, the Court may also consider the results obtained in the action. *Hensley v. Eckerhart*, 461 U.S. at 434. Thus, the court explained in *Hensley*, a plaintiff who asserts unrelated claims and prevails on only some of those claims may not be awarded fees for time spent on the other claims. *Id*. at 435. On the other hand, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id*. The Court should not take a "mathematical approach comparing the total number of issues in the case with those actually prevailed upon" but instead, should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.

Here, Defendant does not dispute that Plaintiff prevailed in the action for the purposes of the EAJA. Nor does Defendant assert that its position was substantially justified or that there were special circumstances that justify a denial of attorneys' fees. Finally, Defendant does not challenge Plaintiff's calculation of the cost of living adjustment to the statutory rate sought by Plaintiff. Thus, only two issues are in dispute: 1) is Plaintiff entitled to a "limited availability" enhancement; and 2) should the award be reduced because Plaintiff obtained a remand on only one theory. The Court concludes that the answer to both questions is no.

In *Pierce v. Underwood*, the Supreme Court made clear that under the EAJA, an enhancement is not justified merely on the basis that attorneys who are qualified to maintain the action are in short supply. Rather, the enhancement requires that a party demonstrate some special skill that is necessary to the litigation. Plaintiff asserts that counsel's medical degree satisfies this requirement, yet the issues raised in this case were relatively straightforward. The key issue in the

case involved whether the ALJ had failed to consider lay testimony.  The Court concludes that while counsel's medical knowledge may have been useful, it was not necessary to this litigation. Therefore, the request for an enhancement on this basis is DENIED.

The Court also rejects Defendant's assertion that Plaintiff's award should be reduced by 2/3 because her brief devoted only five of thirteen pages to the issue on which the remand was based. This is the sort of mathematical approach that the Supreme Court disapproved of in *Hensley v. Eckerhart*.  Looking more broadly to the significance of the overall relief obtained, the Court concludes that Plaintiff's counsel obtained a major part of the relief sought.  Although the Court remanded for further proceedings rather than awarding benefits, on remand the Commissioner will be required to address an important issue that may have a significant impact on the outcome of Plaintiff's case.  Therefore, the Court declines to reduce the award based on Plaintiff's results.

## IV. CONCLUSION

Plaintiff is awarded $3,764.60 in attorneys' fees.

IT IS SO ORDERED.

Dated: June 14, 2006

JOSEPH C. SPERO
United States Magistrate Judge

4